**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1684-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GEORGE RAYFORD,

    Defendant-Appellant.

_____

Submitted March 5, 2024 – Decided April 18, 2024

Before Judges Enright and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 18-05-0253.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Steven K. Cuttonaro, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant George Rayford appeals from an October 28, 2022 order denying his petition for post-conviction relief (PCR). We affirm.

We glean the facts and procedural history from the record. Defendant pleaded guilty to three counts of strict liability drug induced death, N.J.S.A. 2C:35-9(a). As part of the plea deal, the State agreed to recommend defendant's sentence not exceed thirteen years imprisonment on each count, subject to the "No Early Release Act" (NERA), N.J.S.A. 2C:43-7.2, to run concurrently, and the dismissal of the remaining ten counts of the indictment.

Prior to sentencing, defendant filed a motion to withdraw his plea. The motion was denied. During the sentencing hearing, defense counsel argued for the judge to consider mitigating factor seven.[1] Also, in arguing mitigating factor two,[2] he contended while defendant could contemplate that harm could be caused, "this case [involving three deaths wa]s so far beyond what one might expect from distribution of crack cocaine that it simply was[ no]t contemplated."

---

[1] "The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense." N.J.S.A. 2C:44-1(b)(7).

[2] "The defendant did not contemplate that the defendant's conduct would cause or threaten serious harm." N.J.S.A. 2C:44-1(b)(2).

A-1684-22

Therefore, defense counsel argued for the judge to impose the minimum sentence.

The judge found aggravating factors three[3] and nine,[4] and mitigating factor seven. The judge determined aggravating factors three and nine substantially outweighed mitigating factor seven. While noting a harsher sentence could be imposed, the judge found it was fair to sentence defendant consistent with his plea agreement.

On direct appeal, defendant challenged his sentence pursuant to Rule 2:9-11. Defendant argued the judge should have found mitigating factor two, in addition to mitigating factor seven, and the matter should be remanded for resentencing. We affirmed the sentence, concluding:

> Having considered the record and argument of counsel, and it appearing that the issues on appeal relate solely to the sentence imposed, we are satisfied that the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion. State v. Cassady, 198 N.J. 165 (2009); State v. Roth, 95 N.J. 334 (1984).
>
> [State v. Rayford, No. A-0271-19 (App. Div. June 30, 2020) (slip op. at 1).]

---

[3] "The risk that the defendant will commit another offense." N.J.S.A. 2C:44-1(a)(3).

[4] "The need for deterring the defendant and others from violating the law." N.J.S.A. 2C:44-1(a)(9).

A-1684-22

Thereafter, defendant filed a petition for PCR. He argued he was provided with ineffective assistance of counsel by plea and appellate counsel. Defendant argued plea counsel was ineffective because counsel failed to object to the trial court's consideration of mitigating and aggravating factors. Defendant contended appellate counsel was ineffective because counsel failed to argue in favor of mitigating factors two, eight,[5] and nine.[6]

The PCR judge denied defendant's petition. First, the judge addressed defendant's contention that "the sentence imposed by the trial court was improper, illegal and/or otherwise unconstitutional" because the "findings concerning mitigating and aggravating factors were fatally flawed." Noting our June 30, 2020 unpublished opinion, the judge determined defendant's sentencing "argument [wa]s procedurally barred from assertion on" PCR. Relying on Rule 3:22-4(a), the judge held "[d]efendant may not raise any issue on a motion for [PCR] that could have been raised, or was actually raised in a prior proceeding."

---

[5] "The defendant's conduct was the result of circumstances unlikely to recur." N.J.S.A. 2C:44-1(b)(8).

[6] "The character and attitude of the defendant indicate that the defendant is unlikely to commit another offense." N.J.S.A. 2C:44-1(b)(9).

Second, the PCR judge considered defendant's argument that plea counsel was ineffective at sentencing. The judge rejected defendant's arguments that plea counsel was ineffective because counsel: (1) failed to object to the judge's weighing of aggravating and mitigating factors; and (2) did not adequately prepare for sentencing. The judge was "unconvinced" plea counsel's alleged "actions and omissions" were deficient. Moreover, the judge found plea counsel's failure to provide a "written sentencing memorandum" "did not equate to deficient performance."

In addition, the judge was "unconvinced that there [wa]s a reasonable probability that [d]efendant's sentence would have been different or that [d]efendant was in any way prejudiced by the allegedly deficient actions or omissions of [plea] counsel, even if those actions were viewed cumulatively."

Likewise, the PCR judge rejected defendant's argument appellate counsel was ineffective. The judge noted defendant argued that appellate counsel failed to argue for the application of mitigating factors two, eight and nine.

However, the judge noted defendant's mitigating factor two argument was made before us during argument on his June 2020 sentencing appeal. As to mitigating factors eight and nine, the judge found defendant, despite multiple opportunities, never made a "statement of apology." Further, the judge

5

A-1684-22

determined defendant's plea did not evince "remorse" or the "taking [of] responsibility," especially since defendant attempted to withdraw his guilty plea.

In addition, the judge did "not believe that there was enough relevant evidence to support the application of [mitigating factors eight and nine], and thus, had appellate counsel argued them on appeal, [the PCR judge was] not convinced that the result would have been any different. Therefore, [d]efendant ha[d] failed to show any prejudicial result." Accordingly, the PCR judge entered an order on October 28, 2022, denying the PCR petition.

On appeal, defendant raises the following argument for our consideration:

> POINT I
>
> COUNSEL FOR DEFENDANT WERE INEFFECTIVE AS THEY BOTH FAILED TO ARGUE MITIGATING FACTORS THAT WOULD HAVE SUPPORTED A TEN-YEAR SENTENCE BEING IMPOSED, IN VIOLATION OF DEFENDANT'S RIGHT TO COUNSEL AND A FAIR TRIAL.

More specifically, defendant contends "[b]oth [plea] and appellate counsel were ineffective as neither argued the full amount of mitigating factors and neither argued that certain aggravating factors did not apply." Defendant also argues plea counsel only cited mitigating factor seven, and failed to object to the judge's finding of aggravating factor three.

6

As to appellate counsel, defendant contends "counsel argued only that defendant did not contemplate the tragic outcome of what had occurred to the three victims . . . [and] reiterated that defendant had no prior record." Defendant argues appellate counsel should have argued aggravating factor three did not apply, considering the finding of mitigating factor seven. Moreover, defendant contends that appellate counsel should have argued for the application of mitigating factors eight and nine.

We begin our discussion with a review of the principles governing our analysis. "[PCR] relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). "[PCR] provide[s] a 'built-in safeguard that ensures that a defendant [is] not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

"A petitioner must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citations omitted). "Our standard of review is necessarily deferential to a PCR court's factual findings." Nash, 212 N.J. at 540. However, "we need not defer to a PCR court's interpretation of the law; a legal conclusion is reviewed de novo." Id. at 540-41.

A-1684-22

"A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R. 3:22-4(a), or that has been previously litigated, R. 3:22-5." Id. at 546. Rule 3:22-5 provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule." "PCR will be precluded 'only if the issue is identical or substantially equivalent' to the issue already adjudicated on the merits." State v. Afanador, 151 N.J. 41, 51 (1997) (citations omitted).

"Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10).

> To satisfy the right to counsel guaranteed by our Federal and State Constitutions, it is not enough "[t]hat a person who happens to be a lawyer is present at trial alongside the accused," rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as "the right to the effective assistance of counsel."
>
> [Id. at 550 (first alteration in original) (quoting Strickland v. Washington, 466 U.S. 668, 685-86 (1984)).]

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland.[7]

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.
>
> [Strickland, 466 U.S. at 687.]

Our Supreme Court has held "the failure to present mitigating evidence or argue for mitigating factors" may establish ineffective assistance of counsel. State v. Hess, 207 N.J. 123, 154 (2011). However, counsel is not required to advance every conceivable argument. Jones v. Barnes, 463 U.S. 745, 753-54 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments."). Moreover, a defendant is entitled to effective assistance of appellate counsel, but "appellate counsel does not have a constitutional duty to

---

[7] The New Jersey Supreme Court adopted the Strickland standard in State v. Fritz, 105 N.J. 42, 58 (1987).

raise every nonfrivolous issue requested by the defendant." State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citation omitted). Appellate counsel will not be found ineffective for failure to raise a meritless issue or errors an appellate court would deem harmless. See State v. Echols, 199 N.J. 344, 361 (2009); State v. Harris, 181 N.J. 391, 499 (2004); State v. Reyes, 140 N.J. 344, 365 (1995).

Guided by these standards, we are not convinced the judge erred in denying defendant's PCR petition based on the ineffective assistance of either counsel. As to plea counsel, defendant's assertion that counsel only argued mitigating factor seven is without merit. In fact, trial counsel argued mitigating factor two applied.

Further, defendant's contention his plea counsel should have objected to the sentencing judge's application of aggravating factor three, especially considering the finding of mitigating factor seven, is overstated. In support of this contention, defendant argues "the finding of [mitigating factor three] has been held to be inappropriate where the defendant does not have a serious prior record and there are no other reasons in the record to believe that the defendant will re-offend." In addition, he contends aggravating factor three "stands as a

10

'counterpoise' to mitigating factor [seven,]" citing State v. Case, 220 N.J. 49, 67 (2014).

However, in Case, the New Jersey Supreme Court did not hold it was "inappropriate" for a judge to find both aggravating factor three and mitigating factor seven. Instead, the Court held it did "not presume that aggravating factor three c[ould] not coexist with mitigating factor seven." Case, 220 N.J. at 67. Moreover, here, both defendant's plea and appellate counsel successfully argued in favor of mitigating factor seven, as the sentencing judge found this mitigating factor applied.

As to aggravating factor three, risk of reoffense, defendant argues plea counsel's representation was deficient because, while the judge expressed concern about defendant's financial circumstances, there was "nothing in the record" to support this concern. This argument is belied by the record. Here, the judge specifically found "there[ wa]s a risk that [defendant] would commit another offense . . . because of [his] lack of stable employment." Moreover, the presentence report revealed defendant was last employed in 2018 when he went bankrupt, he had no income or assets, and his liabilities exceeded nine thousand dollars. Under these circumstances, plea counsel was not deficient for failing to argue at sentencing that aggravating factor three was not present.

A-1684-22

Next, defendant contends both plea and appellate counsel were deficient because they failed to argue mitigating factors eight and nine. Defendant contends there is nothing in his "past to suggest he w[ould] commit more crimes"; "he is clearly not a career criminal"; and his "character and attitude indicate that he is unlikely to commit another offense."

However, defendant admitted to "distribut[ing] drugs to the same people previously." Additionally, as previously discussed, the PCR judge found defendant had "multiple opportunities both before and at sentencing to make a statement of apology, [but] failed to do so." Therefore, we discern no error in the PCR judge finding "there was not enough relevant evidence to support the application of [mitigating] factors" eight and nine.

In sum, because we agree with the PCR judge that defendant failed to establish the first Strickland prong in showing either plea or appellate counsel were deficient in their representation, defendant's PCR petition was properly denied. Given our determination, we need not address defendant's argument under the second Strickland prong "that counsel[s'] deficient performance prejudiced . . . defendant."

A-1684-22

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13